# EXHIBIT A

FILED: DUTCHESS COUNTY CLERK 02/09/2018 03:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 2018-50362
RECEIVED NYSCEF: 02/09/2018

STATE OF NEW YORK
SUPREME COURT    COUNTY OF DUTCHESS

---

ELVIRA CARMONA,

                                Plaintiff,

    -against-

STATE FARM FIRE AND CASUALTY
COMPANY,

                               Defendant.

---

**SUMMONS**
Index No.

Plaintiff designates Dutchess County as the place of trial.

The basis of the venue is plaintiff's residence, 7 Fox Terrace, Poughkeepsie, NY 12603.

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on plaintiff's attorney within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken by default for the relief demanded in the complaint.

Dated: February 9, 2018
         Syracuse, New York

                                          Kelsey W. Shannon, Esq.
                                          LYNN LAW FIRM LLP
                                          Attorneys for Plaintiff
                                          M&T Bank Building, Suite 750
                                          101 South Salina Street
                                          Syracuse, NY 13202
                                          Telephone: (315) 474-1267

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

**Defendant's Address:**
State Farm Fire and Casualty Company, One State Farm Plaza, Bloomington, IL 61710

FILED: DUTCHESS COUNTY CLERK 02/09/2018 03:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 2018-50362
RECEIVED NYSCEF: 02/09/2018

STATE OF NEW YORK
SUPREME COURT     COUNTY OF DUTCHESS

---

ELVIRA CARMONA,

                              Plaintiff,

   -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                              Defendant.

**VERIFIED COMPLAINT**
Index No.

---

Plaintiff, Elvira Carmona ("Plaintiff"), by and through her attorneys, the Lynn Law Firm, LLP, complaining of defendant, State Farm Fire and Casualty Company ("State Farm") alleges:

## PARTIES

1. At all relevant times herein, Plaintiff is and was a resident of Dutchess County, New York State.

2. Plaintiff owned property located at or about 16 Lexington Avenue in the City of Poughkeepsie, State of New York ("the Insured Premises").

3. At all relevant times, and in November of 2016, the Insured Premises was insured with State Farm.

4. At all relevant times herein, State Farm Fire and Casualty Company was and is an Illinois Corporation and is authorized to issue insurance policies for property and casualty in New York State.

5. At all relevant times herein, State Farm Fire provided insurance coverage for the Insured Premises.

6. At all relevant times herein, State Farm was and is duly authorized to conduct insurance business in the State of New York.

## THE LOSS

7. On or about November 16, 2016, there was a sudden and unexpected fire loss at the Insured Premises (the "Fire").

8. The Fire caused immediate and significant damage to the Insured Premises and to personal property of the insured that was located within the Insured Premised.

9. In the hours and days following the Fire, upon information and belief, personal property was stolen from the premises.

10. Plaintiff suffered a loss due to damage from the Fire (and the response to the Fire) and from the ensuing theft(s) (collectively, the "Loss").

## INSURANCE

11. At all relevant times herein, State Farm issued to its insured, Plaintiff, an Insurance Policy, No. 32BMB2727 ("the Policy").

12. Plaintiff procured this insurance policy through State Farm agent Tom Lewis.

13. The Policy was in full force and effect on November 16, 2016.

14. At all relevant times, Plaintiff paid all premiums due and owing in connection with the Policy, and was otherwise in compliance with all obligations in connection with coverage.

15. State Farm renewed the Policy for the insurance year January 19, 2017, through January 19, 2018. State Farm again renewed the policy for the insurance year January 19, 2018, through January 19, 2019.

2

FILED: DUTCHESS COUNTY CLERK 02/09/2018 03:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 2018-50362
RECEIVED NYSCEF: 02/09/2018

## STATE FARM'S INVESTIGATION OF THE LOSS

16. Following the Loss, Plaintiffs immediately notified State Farm, and requested coverage for the damage to the Insured Premises, including personal property.

17. State Farm was permitted access to the Insured Premises to inspect the Loss, and was provided information necessary to investigate the claim.

18. State Farm took recorded statements, and later examinations under oath, of the 74-year-old plaintiff, her daughter, and her daughter's husband, and demanded and received large quantities of documentation.

19. While subjecting its insured (and its insured's family) to this intrusive, often highly personal investigation, State Farm made no effort to inform the plaintiff of its view of the Loss. It took State Farm nearly a year – until October 13, 2017 – to inform plaintiff that it would not cover the loss.

20. At State Farm's request, plaintiff submitted a Sworn Statement of Proof of Loss on or about January 4, 2017. In preparing this Proof of Loss, plaintiff relied upon the advice of employees of State Farm agent Tom Lewis, who instructed plaintiff's representative on how to fill out the Proof of Loss form.

## STATE FARM'S DISCLAIMER

21. By letter dated October 13, 2017, State Farm notified Plaintiff that it had completed its investigation, and made a decision to deny coverage for this Loss.

22. State Farm denied coverage based on: "° The fire to the risk was not an accidental loss. ° The insured breached the intentional acts condition of this policy. ° The insured breached the concealment or fraud condition of this policy by making material misrepresentations in the presentation of the claim."

3

23. State Farm also stated: "Additionally, you have violated State Farm policy conditions, exclusions and/or provision[sic], which have resulted in a breach of the contract of insurance."

### AS AND FOR A FIRST CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST STATE FARM

24. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "23" above as though fully restated here.

25. Plaintiff has fully complied with all terms, conditions, duties and obligations under the Policy.

26. The Loss of November 17, 2016 was a Covered Cause of Loss.

27. State Farm's disclaimer was wrongful.

28. State Farm has breached its obligations to provide insurance coverage under the Policy, and has unilaterally breached its covenant of good-faith and fair dealing implied in its Policy by deliberately, negligently, unlawfully and wrongfully mishandling Plaintiff's claim including by wrongfully delaying payment of Plaintiff's claim for coverage for damage at the Premises.

29. As a result of State Farm's breach of its obligations under the Policy, Plaintiff has suffered direct damages in an amount to be proven at trial.

30. As a result of State Farm's wrongful disclaimer, Plaintiff is entitled to an award of direct and consequential damages against defendant in such amounts as are established by the evidence, as well as interest, post-judgment interest, costs, and any other fees and disbursements to which Plaintiff may also legally be entitled.

4

FILED: DUTCHESS COUNTY CLERK 02/09/2018 03:29 PM
NYSCEF DOC. NO. 1
INDEX NO. 2018-50362
RECEIVED NYSCEF: 02/09/2018

## AS AND FOR A SECOND CAUSE OF ACTION IN WAIVER, ESTOPPEL, AND/OR RATIFICATION AGAINST STATE FARM

31.   Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "30" above as though fully restated here.

32.   State Farm has waived, and is estopped from asserting, any denial of coverage by virtue of: its delay in making a claims determination, its election to make partial payment to plaintiff, its knowledge of those facts regarding which it was purportedly misled, and its ongoing acceptance of premiums to insure the premises long after State Farm determined that it would not cover a loss at those premises.

33.   Plaintiff reasonably relied on State Farm to perform an investigation in compliance with the Policy, the Insurance Law and Regulations, New York State Law, and that State Farms's actions would be truthful and suitable in all regards. Further, Plaintiff reasonably relied on State Farm representatives, including those associated with State Farm agent Tom Lewis, in submitting her claim, and providing information requested by State Farm.

34.   Plaintiff was injured by this reliance.

## AS AND FOR A THIRD CAUSE OF ACTION FOR DECLARATORY JUDGMENT AGAINST STATE FARM

35.   Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "34" above as though fully restated here.

36.   In disclaiming coverage, State Farm to recognize that the Loss was covered by the Policy.

37.   In disclaiming coverage, State Farm set forth its own findings, which were and are inaccurate, in whole or in part, and did not provide a proper basis for denying coverage under the Policy.

5

FILED: DUTCHESS COUNTY CLERK 02/09/2018 03:29 PM
NYSCEF DOC. NO. 1
INDEX NO. 2018-50362
RECEIVED NYSCEF: 02/09/2018

38. State Farm's decision to disclaim coverage lacks any basis in fact or law.

39. By reason of the foregoing, an actual and justifiable controversy exists between Plaintiff and State Farm regarding payment for the Loss at the Insured Premises because State Farm has refused to recognize applicable contract terms and perform as obligated under the Policy.

40. Plaintiff seeks a judicial declaration by the Court: (i) that coverage for the loss at the Premises referenced herein is provided under the Policy; (ii) that Plaintiff's loss at the Insured Premises are not excluded from coverage; and, in the alternative, (iii) that State Farm has waived any defenses, is estopped from asserting any defenses, and/or has ratified the insurance policy.

41. As a direct and proximate result of the practices and acts of State Farm as described in this verified complaint, Plaintiff has incurred losses and damages in an amount that exceeds all jurisdictional limits of this Court.

**WHEREFORE**, plaintiff demands judgment be entered against the defendant for the following relief:

  a. Compensatory and consequential damages arising out of the Loss in excess of $100,000.00;

  b. A judgment enforcing the Policy and declaring that State Farm is obligated to provide coverage for all damages arising from the Loss, including costs and interest;

  c. Applicable interest from the date of loss, date of disclaimer or such other date as the Court deems just and proper; and,

FILED: DUTCHESS COUNTY CLERK 02/09/2018 03:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 2018-50362
RECEIVED NYSCEF: 02/09/2018

d. For such other and further relief as this Court deems just and proper.

Dated: February 9, 2018
Syracuse, New York

*signature*

Kelsey W. Shannon, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiff
M&T Bank Building, Suite 750
101 South Salina Street
Syracuse, NY 13202
Telephone: (315) 474-1267

LYNN LAW FIRM, LLP   ATTORNEYS AT LAW   SYRACUSE, NEW YORK

7

FILED: DUTCHESS COUNTY CLERK 02/09/2018 03:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 2018-50362
RECEIVED NYSCEF: 02/09/2018

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK     )
                     ) ss:
COUNTY OF Dutchess   )

Elvira Carmona, being duly sworn, says that she is the plaintiff in the above-named proceeding and that the foregoing Summons and Verified Complaint is true to the best of her knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, she believes them to be true.

_____
Elvira Carmona

Sworn to before me this
31st day of January, 2018.

_____
Notary Public

CAROL THOMPSON
NOTARY PUBLIC, State of New York
04TH6151306
Qualified In Dutchess County
Commission Expires 8/14/18

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK